IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CRIMINAL NO.  00-40101-05-GPM |
| | ) |
| BRAD TAYLOR, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

  Brad Taylor is serving a 377 month term of imprisonment which was imposed by this Court on August 20, 2001, following a jury's determination of his guilt (*see* Docs. 230, 232-234, 354). On March 3, 2008, Taylor asked the Court to appoint counsel to assist him on seeking a reduction in sentence pursuant to recent amendments to the United States Sentencing Guidelines as they relate to crack cocaine offenses.  The Court promptly appointed counsel to represent Taylor, and counsel has now moved to withdraw on the basis that he can make no non-frivolous arguments in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 515). *See Anders v. California*, 386 U.S. 738, 744 (1967).  In response to counsel's motion to withdraw, Taylor asks the Court "for leave to withdraw motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c) without prejudice" or, in the alternative, ninety (90) days to conduct additional research on the issue  (Doc. 516).

  As an initial matter, the Court notes that no motion for reduction of sentence is pending. Thus, Taylor's request to withdraw his motion is moot.  And, because the Court determines that Taylor is not entitled to a reduction (for the reasons set forth below), it is unnecessary to grant him

more time to conduct legal research on the issue.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir.), *cert. denied sub nom McKnight v. United States*, 129 S.Ct. 1924 (2009).

Taylor is not entitled to a reduction in his sentence because he cannot satisfy the first criterion of that statute; he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Taylor, however, was sentenced based on relevant conduct of 2.7 kilograms of crack cocaine; his sentencing guideline range was 360 months to life imprisonment. He was also determined to be a Career

Offender. If the Court were to give Taylor a two-level reduction, his new offense level would be 36 – that is, if he were not a Career Offender. Because he is a Career Offender, however, his new offense level can only be lowered to 37, because the maximum term of imprisonment on Count 1 is life imprisonment. *See* U.S.S.G. § 4B1.1. With an offense level of 37 and a Criminal History Category VI, the new guideline range is still 360 months to life imprisonment. Thus, Taylor's guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

The Court has confirmed the representations in counsel's motion to withdraw and agrees that Taylor is not entitled to a reduction in sentence for the reasons just mentioned. It would serve no purpose to give him additional time to research the issue. The Court is simply not authorized to grant any relief.

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 515) and **DENIES** Defendant's motion to withdraw document/motion to extend time (Doc. 516).

**IT IS SO ORDERED.**

DATED: 6/16/09

*s/ G. Patrick Murphy*
G. Patrick Murphy
United States District Judge