IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CRIMINAL NO. 00-40101-05-GPM |
| | ) |
| BRAD TAYLOR, | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Pending before the Court is Defendant Brad Taylor's "Motion To Correct Illegal Sentence Nunc Pro Tunc," roughly translated as "now for then." (Doc. 542). "Now," almost ten years after he was originally sentenced, Defendant argues that the Court mistakenly determined that he was a Career Offender pursuant to USSG § 4B1.1. "Then," back on April 12, 2001, Defendant was found guilty by jury verdict of two controlled substance offenses (Docs 232-234). He was then sentenced by this Court on August 20, 2001, to a total term of 377 months (Doc. 354), and the sentence was affirmed by the Seventh Circuit Court of Appeals on February 18, 2003 (Doc. 412). Defendant now asks this Court to "correct his illegal sentence and conviction nunc pro tunc." *Id*. Unfortunately, for Defendant, this is not the kind of "now for then" exchange for which the *nunc pro tunc* doctrine allows.

The sole function of the *nunc pro tunc* doctrine is to correct clerical errors; the doctrine is not used to alter substantive rights. *King v. Ionization International, Inc.*, 825 F.2d 1180 (7th Cir.1987); *see, e.g.*, *Shou Wei Jin v. Holder*, 572 F.3d 392, 397 (7th Cir. 2009); *Mamedov v.*

*Ashcroft*, 387 F.3d 918, 919 (7th Cir. 2004). "A court may issue a *nunc pro tunc* order to correct the record so that it reflects what was actually done but never recorded due to clerical inadvertence." *United States v. Taylor*, 841 F.2d 1300, 1308 (7th Cir. 1988). For example, a *nunc pro tunc* order would be appropriate where a judge meant to sentence a defendant for 30 months but the defendant was actually sentenced to 300 months. *See id*. Here, the Judge intended to impose a sentence of 377 months and no clerical errors occurred. As such, Defendant's *nunc pro tunc* motion is not viable.

Rather, it appears that Defendant is actually seeking relief from his sentence by challenging its validity. However, a petition under 28 U.S.C. § 2255 is "the exclusive remedy" for a federal prisoner raising a direct challenge to the validity of his sentence. *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir.1991); *see also Collins v. Holinka*, 510 F.3d 666, 667 (7th Cir. 2007). The Seventh Circuit Court of Appeals has repeatedly held that a postconviction motion that is functionally a § 2255 motion should be treated as such, regardless of how it is labeled. *See, e.g., Carter v. United States*, 312 F.3d 832, 833 (7th Cir. 2002).

Normally, a district court must warn a defendant before construing a postconviction motion as one brought under § 2255. The warning is meant to allow petitioners an opportunity to withdraw the motion because, with limited exceptions, the Antiterrorism and Effective Death Penalty Act, which governs collateral attacks on criminal judgments, gives a prisoner only one chance at postconviction review. *Id*. However, § 2255(f) expressly states that "[a] 1-year period of limitation shall apply to a motion under [§ 2255]." As such, even if the Court were to construe Defendant's motion as one brought under § 2255, Defendant's case would be dismissed for failure to file within the time period proscribed by the statute.

Accordingly, Defendant's Motion to Correct Illegal Sentence Nunc Pro Tunc is hereby **DISMISSED**. Defendant's sentence was entered correctly "then" and the validity of his sentence cannot "now" be challenged via a *nunc pro tunc* motion or — with a few exceptions not applicable here — under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

DATED: 04/01/10

s/ *G. Patrick Murhpy*
G. PATRICK MURPHY
United States District Judge