IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CRIMINAL NO. 00-40101-05-GPM |
| vs. ) | |
| ) | CIVIL NO. 04-4075-GPM |
| **BRAD TAYLOR,** ) | |
| ) | |
| **Defendant.** ) | |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On April 1, 2010, this Court dismissed, for lack of jurisdiction, Defendant Brad Taylor's Motion to Correct Illegal Sentence Nunc Pro Tunc (Doc. 542), which the Court construed as a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 because he was directly challenging the validity of his sentence (Doc. 546, p. 2).[1] In his motion, Defendant claims that he was erroneously sentenced as a career offender pursuant to United States Sentencing Guidelines §4B1.1 (*See* Doc. 542). Even if Defendant's claim had any merit, which it does not, without prior authorization from the court of appeals, this Court lacks jurisdiction over successive § 2255 motions such as Defendant's. *See* § 2255(h); 28 U.S.C. § 2244. Defendant's Motion to Correct Illegal

---

[1] After issuing its Order, it came to the Court's attention that Defendant filed his first motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 on April 4, 2004 (Case No. 04-4075-GPM, Doc. 1). This Court denied his motion on the merits on October 18, 2005 (Doc. 12). Then, on December 20, 2005, this Court denied Petitioner's motion for certificate of appealability (COA) because he had not made a substantial showing of the denial of a constitutional right (Doc. 18). *See* 28 U.S.C. § 2253(c)(2). The Seventh Circuit Court of Appeals agreed and denied Defendant's request for a COA on May 25, 2006 (Doc. 25). As such, Defendant's "Motion to Correct Illegal Sentence Nunc Pro Tunc" should have been (and will now be) treated as an improper attempt to file a second § 2255 motion without prior authorization from the court of appeals. *See* § 2255(h), 28 U.S.C. § 2244; *United States v. Carraway*, 478 F.3d 845 (7th Cir. 2007).

Sentence was therefore denied (Doc. 546), and on April 23, 2010, he filed a notice of appeal from this Court's Order (Doc. 549).

It is not entirely clear whether now this Court should construe Defendant's notice of appeal as a request for a Certificate of Appealability (COA).[2] *See, e.g.*, *U.S. v. Carraway*, 478 F.3d 845 (7th Cir. 2007) (After construing Carraway's request for relief under Rule 60(b)(5) as a successive § 2255 motion over which it had no jurisdiction, the district court treated his motion to proceed on appeal in forma pauperis as "an implicit request for a certificate of appealability pursuant to § 2253(c)."). To the extent this Court is required to construe Defendant's notice of appeal as a request for a COA, however, the request is denied because Defendant has utterly failed to make a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Section 2253(c)(2) provides that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." For purposes of the statute, a substantial showing of the denial of a constitutional right means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Dalton v. Battaglia*, 402 F.3d 729, 738 (7th Cir. 2005) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)); *Cf. Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983); *Rodriguez v. United States*, 286 F.3d 972, 978 (7th Cir. 2002); *Ouska v.*

---

[3] After an *initial* motion under § 2255 is dismissed, a Petitioner may not proceed on appeal without a certificate of appealability issued by either the district court or the court of appeals. As such, district courts, in that context, normally construe a notice of appeal as also requesting a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). By contrast, any attempt to file a second or successive § 2255 motion must first be authorized by the Court of Appeals. § 2255(h); § 2244 Here, however, Defendant filed a Motion to Correct Illegal Sentence Nunc Pro Tunc which the Court construed as an attempt to bring a second § 2255 motion, and then, filed a Notice of Appeal from the Court's dismissal — a scenario not directly covered by any statute.

*Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001); *Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000).

The Court has carefully considered Defendant's argument that his prior state conviction for Unlawful Possession of Contraband in a Penal Institution was incorrectly considered a "controlled substance offense" and, in turn, resulted in him being sentenced as a career offender. First, the Court notes that Defendant did not make any objection to his presentence investigation report (PSR), nor did he raise this argument on direct appeal or in his initial § 2255 motion. As such, this argument very well may have been waived. *See, e.g.*, *United States v. Groves*, 470 F.3d 311, 330 (7th Cir. 2006); *See also, United States v. Redding*, 104 F.3d 96, 99 (7th Cir. 1996) (holding that statements in transcript evincing acceptance of sentencing calculations constituted waiver). More importantly, Defendant's claim is frivolous and entirely without merit. The PSR makes it clear that Defendant was sentenced as a career offender because of "two or more prior felony convictions for *violent offenses*" (Doc. 355, pp. 10-13)(emphasis added). As such, Defendant's conviction for unlawful possession of contraband did not even factor in to the career offender determination.

Accordingly, for the foregoing reasons, the Court **DECLINES** to issue a certificate of appealability. Pursuant to Federal Rule of Appellate Procedure 22(b), Petitioner may present his request for a Certificate of Appealability to the Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

DATED:  04/30/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge