IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

United States of AMERICA,                    Cause No: <u>00-40101-05-Gpm</u>

                Plaintiffs,

Vs.

Brad TAYLOR,                                 **FILED**

  Defendant.

_____/                   MAY 1 2 2010

                               CLERK, U.S. DISTRICT COURT
                           SOUTHERN DISTRICT OF ILLINOIS
                              EAST ST. LOUIS OFFICE

MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO

18 USC § 3582 IN COTERMINOUS WITH AMENDMENTS 706 AND 715

    TO HONORABLE JUDGE OF SAID COURT:

    **NOW COMES** the Defendant, [**Brad TAYLOR**], acting <u>in propia</u>

<u>persona</u>, in the above-styled cause of action and respectfully re-

quest this Honorable Court to modify his sentence pursuant to <u>18</u>

<u>USC § 3582(c)(2)</u> and § 1B1.10(c) of the Sentencing Guidelines, to

further modify his sentence based upon the amendment to § 2D1.1

Application Note 10(D) and § 2D1.1(c)'s Drug Quantity table of

the Sentencing Guidelines from which Mr. TAYLOR was sentenced and

are, now retroactive. See <u>USSG App. C, Amendments **706 and 715**</u>.

    In support thereof, Defendant TAYLOR states as follows:

      1.] On August 20th, 2001, the Defendant was sentenced to a

term of imprisonment of 377-months, by this Honorable Court for

conspiring to possess with intent to distribute cocaine base and

cocaine in violation of <u>21 USC § 841(b)(1)(B)</u>.

2.] Pursuant to the Presentence Report ("PSR") as adpoted by this Honorable Court in the Judgment entered in this action, the quantity of cocaine base ("crack") alleged to be involved in the Defendant's conspiracy was around __2,154__ grams. Id.

3.] Applying the applicable provisions of the guidelines as they existed on the date of Defendant TAYLOR's sentencing, these __2,154__ grams of cocaine base were equivalent under § 2D1.1(c) of the Sentencing Guidelines to 30,000 Kilograms or more of marijuana. This translated into a Base Offense Level ("BOL"), as calculated by the Probation Department, of thirty-eight (38).

4.] Effective March 3rd, 2008, USSG § 2D1.1(c)(1) of the Sentencing Guidelines Drug Quantity table from which the Defendant was sentenced was amended by deleting 1.5 Kilograms of cocaine base and instead instituted a new directive that four-point-five (4.5) Kilograms of cocaine base would be determinative of the base offense level thereunder. See USSG App. C, Amendment **706**.

5.] As established under § 1B1.10 of the Sentencing Guidelines, this amendment is to be applied retroactively. See USSG § 1B1.10(c).

6.] When the Defendant TAYLOR's base offense level is recalculated in accordance with the language of the amendment, the "NEW" base offense level would be thirty-six (36) which yields a "NEW" guidelines sentencing range of 324-405 months.

-3-

7.] At the original sentencing Defendant TAYLOR was sentenced by this Honorable Court to a **BOL 38** ... which was based upon drug amount(s), to wit: __2,154__ grams of cocaine base ONLY found under USSG § 2D1.1(c)(1) and the **BOL 38** was Affirmed by the Seventh Circuit Court of Appeals in an unpublished opinion. See United States v. Moss, 57 Fed Appx 704, 707 (7 Cir 2001), attached Exhibit **"1."**

8.] Under the Drug Quantity Table, from which Mr. TAYLOR was sentenced, as amended by USSG App. C, Amendment **706,** and outlined in § 2D1.1(c)'s Drug Quantity Table of the Sentencing Guidelines, the base offense level for a conspiracy involving at least 1.5 Kilograms of cocaine base but less than 4.5 Kilograms of cocaine base is Level 36. See USSG § 2D1.1(c)(1).

9.] Therefore, the Defendant TAYLOR is entitled to be resentenced under the retroactively applied amendment **706.**

10.] No other factors are present justifying any other change in the computation of the Defendant's offense level.

11.] After the appropriate adjustments are calculated, the Defendant's offense level for purposes of resentencing is Level **36.**

12.] Defendant TAYLOR avers that it would be frivolous to say he was not sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Com-

-4-

mission pursuant to 28 USC § 994(o) ... moreover, this Court sentenced the Defendant TAYLOR based upon the amount(s) and type(s) of narcotics involved in the conspiracy, to wit: __2,154__ grams of cocaine base. Id.

13.] As a matter of law, __2,154__ grams of cocaine base is ONLY found in § 2D1.1(c)'s Drug Quantity Table. See USSG § 2D1.1 (c)(1).

14.] On June 16th, 2009, this Court recognized that it had illegally sentenced Defendant TAYLOR (a Career Offender) based on __2,154__ grams of cocaine base under § 2D1.1(c)(1) and surreptitiously corrected it's mistake, therein adjusting Mr. TAYLOR's base offense level **38** to BOL 37 from some clandestine jurisdiction that Defendant TAYLOR cannot utilize? (See Docket Item 528, page 3, attached Exhibit **"2"**).

**WHEREFORE**, based on the foregoing arguments and authorities, this Honorable Court is respectfully urged to adjust Mr. TAYLOR's sentence by 2-levels and enter a new Judgment in a Criminal Case reflecting said change in the Defendant's sentence, and any other and further relief which this Honorable Court deems just and fair, to wit: Appointment of counsel.

## CERTIFICATE OF SERVICE

This certifies that the undersigned has served on this 11th

day of **May, 2010,** a true and exact copy of the

MOTION FOR MODIFICATION OF SENTENCE PURSUANT TO

18 USC § 3582 IN COTERMINOUS WITH AMENDMENTS 706 AND 715

in the US Mails, first-class postage prepaid in full, addressed to:

George A. NORWOOD, AUSA
US Attorneys Office
402 W. Main St., Ste. 2-A
Benton, IL 62812

Respectfully submitted,

s/ Brad Taylor

BRAD TAYLOR #06468-028
USP-Marion, BOX 1000,
Marion, IL 62959

**BT/tmn**


cc: File

**Exhibit   "1"**

<u>United States v. Moss</u>, 57 Fed. Appx. at 707.

Decided January 23, 2003

Re: **Base Offense Level 38**

*See United States v. Clarke*, 227 F.3d 874, 881 (7th Cir.2000). Notably, Taylor does not cite any evidence indicating that the three jailhouse witnesses deliberately elicited statements from him. In the absence of evidence that the government instructed these witnesses to elicit information, Taylor has not shown a violation of his Sixth Amendment rights. *See United States v. Smallwood*, 188 F.3d 905, 912 (7th Cir. 1999). Furthermore, there was overwhelming evidence at trial that Taylor was a dealer and not a user (eleven other witnesses testified that he had packaged and/or sold them drugs). The jury had ample evidence on which to base a finding that Taylor was a dealer, aside from any of the testimony from the three suspect witnesses. In addition, Taylor's hearsay argument is without merit because the testimony at issue was not offered for the truth of the matter asserted, but merely to show why the government paid the informant relocation money. *See United States v. Sanchez*, 32 F.3d 1002, 1005 (7th Cir.1994).

[3] Taylor also complains that evidence at trial regarding the amount of drugs involved in the conspiracy contradicted evidence used at his sentencing. In making its determination of the amount of drugs involved, the district court relied on Randall's post-arrest statement indicating that he obtained an ounce of crack and an ounce of powder cocaine each week to sell in 1999 and 2000. Taylor contends that Randall is not a credible witness and that he later waffled on the truthfulness of this statement, and that none of the other witnesses testified that the conspiracy dealt in equal amounts of crack and powder cocaine. Although Randall testified at Taylor's sentencing, the district court found that his earlier statement was credible, not

his hearing testimony. We give exceptional deference to this finding, see *United States v. Smith*, 308 F.3d 726, 746 (7th Cir.2002), and Taylor doesn't point to anything in the record indicating that the district court erred in its credibility determination. Based on Randall's testimony, the district court determined that Taylor was involved with 2,154 grams of crack cocaine—far more than the 1.5 kilograms of crack cocaine necessary for a base offense level of 38. This didn't even take into account the amount of powder cocaine involved in the conspiracy. In light of these facts, we find that the district court did not commit clear error in determining Taylor's offense level.

[4] Randall also complains that the district court erred in determining his sentence by stacking his counts instead of running them concurrently.[1] Similar to the arguments made by William Moss and Taylor, the gist of his contention is that *Apprendi* prohibits any sentence longer than the maximum sentence of the count with the longest punishment. This is clearly not the rule embraced by the sentencing guidelines or our prior case law. *See* U.S.S.G. § 5G1.2(d) (consecutive sentences authorized when maximum term of imprisonment for any one count less than minimum term under guidelines); *United States v. Parolin*, 239 F.3d 922, 930 (7th Cir.2001) (sentence affirmed that did not exceed combined statutory maximum of all counts). As we said a moment ago, as long as Randall's sentence does not exceed the combined statutory maximum for his four counts, there is no *Apprendi* violation. *See United States v. Noble*, 299 F.3d 907, 909–10 (7th Cir.2002). The combined statutory maximum for Randall's four counts

---

1. In his opening brief, Moss contended that his convictions should have been grouped for purposes of determining his offense level. He

has apparently dropped this argument, however, realizing that the district court did in fact group the four counts.

**Exhibit  "2"**

Docket Item # 528 ... Page 3 of 3

Cause No: 00-40101-05-Gpm

DATE: June 16, 2009

Offender. If the Court were to give Taylor a two-level reduction, his new offense level would be 36 – that is, if he were not a Career Offender. Because he is a Career Offender, however, his new offense level can only be lowered to 37, because the maximum term of imprisonment on Count 1 is life imprisonment. *See* U.S.S.G. § 4B1.1. With an offense level of 37 and a Criminal History Category VI, the new guideline range is still 360 months to life imprisonment. Thus, Taylor's guideline range has not been lowered, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

The Court has confirmed the representations in counsel's motion to withdraw and agrees that Taylor is not entitled to a reduction in sentence for the reasons just mentioned. It would serve no purpose to give him additional time to research the issue. The Court is simply not authorized to grant any relief.

The Court therefore **GRANTS** counsel's motion to withdraw (Doc. 515) and **DENIES** Defendant's motion to withdraw document/motion to extend time (Doc. 516).

**IT IS SO ORDERED.**

DATED: 6/16/09

s/ *G. Patrick Murphy*

G. Patrick Murphy
United States District Judge

Exhibit   "2"

Page 3 of 3

**FILED**

APR 2 3 2010

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

United States of AMERICA,                    Cause No: <u>00-40101-05-Gpm</u>
          Plaintiffs,

Vs.


Brad TAYLOR,
     Defendant.
_____/


### NOTICE OF APPEAL


**TO HONORABLE JUDGE OF SAID COURT:**

COMES NOW Brad TAYLOR, hereinafter 'Defendant' acting <u>in</u>
<u>propia</u> <u>persona</u>, in the above-styled cause of action henceforth
puts this Court on "NOTICE" of his intent to appeal the Court's
erroneous denial of his "Motion To Correct Illegal Sentence" in
coterminous with the doctrine of **nunc pro tunc.**

In support of said petition Defendant TAYLOR hereby states
the following.

In denying Mr. TAYLOR's **nunc pro tunc** motion, this Court un-
ambiguously and clearly elucidated that no clerical errors occur-
red and that the Court intended to sentence Defendant TAYLOR to a
term of imprisonment for 377-months. (See Doc. 546, page 2).

In that regard, Defendant TAYLOR avers that this Court did
NOT elucidate why the Court adjusted his BOL 38 one-level to BOL
37 and where such jurisdiction was derived from? (See Doc. 528,
page 3, attached Exhibit "1").

-2-

Put differently, this Court never made any reference to what liberal aid(s), see Haines v. Kerner, 404 US 519, 30 L Ed 2d 652, (1972), law(s), rule(s), regulation(s), policies, guideline(s) or statute(s) that conferred jurisdiction upon the Court (without any motion(s) pending) in Docket Item 528 at page 3, to "NOW" almost ten years after Defendant TAYLOR was originally sentenced to ad- just his BOL 38 (which was based upon drug amounts found in USSG § 2D1.1(c)'s drug quantity table, see US v. Moss, 57 Fed. Appx 704, 707 (7 Cir 2001)) to BOL 37, which should have been done "THEN" back in August 20, 2001, and was NOT. (Cf. Doc. 528, page 3, at- tached Exhibit "1"). The law is NOT one-sided or is it?

Under this approach, the same jurisdiction that this Court utilized [June 16th, 2009] in Docket Item 528 at page 3 to adjust Mr. TAYLOR's BOL **from 38** to 37, is the same jurisdiction that the Court is obliged to rely upon to correct Defendant TAYLOR's "il- legal" and erroneous Career Offender enhancement, as a matter of law. See Federal Const. Amendment V.

Accordingly, Defendant TAYLOR respectfully urges this Court to activate his "Notice of Appeal." See Federal Const. Amendment I.

## CERTIFICATE OF SERVICE

This certifies that I have served on this 15 day of **April,**

**2010,** by placing a true and exact copy of the

NOTICE OF APPEAL

in the US Mails, first-class postage prepaid in full addressed to:

George A. NORWOOD, AUSA
402 West Main, St. Ste 2-A
Benton, IL 62812

Respectfully submitted,

s/ Brad Taylor
BRAD TAYLOR #06068-028
USP-Marion, BOX 1000, Marion,
IL 62959

**BT/tmn**


cc: File

Exhibit   "1"

Cause No: 00-40101-05-Gpm

Docket Item # 528 ... Page 3 of 3

DATE:  **June 16th, 2009**