IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CRIMINAL NO. 00-40101-05-GPM** |
| **vs.** ) | |
| ) | **CIVIL NO. 04-4075-GPM** |
| **BRAD TAYLOR,** ) | |
| ) | |
| **Defendant.** ) | |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

     Before the Court is yet another motion to modify Defendant Brad Taylor's sentence (Doc. 556). This Court already has dismissed, on the merits, Mr. Taylor's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Case No. 04-4075, Doc. 12), and denied his Motion for Certificate of Appealability (*Id.*, Doc. 16). The Seventh Circuit Court of Appeals then also denied Taylor's request for a certificate of appealability (*Id.*, Doc. 25) and his direct appeal (*see* Case No. 00-40101, Doc. 412). More recently, this Court dismissed Mr. Taylor's Motion to Correct Illegal Sentence, which it construed as a second § 2255 Motion over which it had no jurisdiction (*see* Doc. 546). Mr. Taylor then appealed this dismissal (Doc. 549), and this Court construed his notice of appeal as request for a certificate of appealability, which it denied (Doc. 552).

     In that Order, this Court attempted to make it abundantly clear that it lacks jurisdiction over Mr. Taylor's repeat, frivolous claims *without prior authorization from the court of appeals* (Doc. 552, p. 1). And yet, incredibly, Mr. Taylor responds by filing another repeat, frivolous motion without first receiving any such authorization. Even more troubling is the fact that Mr. Taylor now

repeats his frivolous reduction argument in spite of it being squarely dealt with and denied by this Court in the very Order that he attaches as Exhibit Two to his current motion (*see* Doc. 528, p. 3) (This Order did *not* changed Mr. Taylor's base offense level.  Instead, it only noted that because Mr. Taylor is a Career Offender — and, as such, his guideline range could not be lowered — he could not then (and still cannot now) satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction).  It is unclear to the Court therefore what part of its above explanation, or "lack of jurisdiction," does Mr. Taylor still not understand?

Ironically, the Court lacks jurisdiction over Taylor's latest motion for another reason:  his appeal of this Court's last Order dismissing his Nunc Pro Tunc Motion is currently still pending (Doc. 549).  As such, the Court is without jurisdiction to address the instant motion because a district court and a court of appeals cannot exercise jurisdiction over a case simultaneously.  *See Aaron v. Mahl*, 550 F.3d 659, 667 (7th Cir. 2008) (citing *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000)) ("Generally, a party's filing of a notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal."); *Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)) ("[A] federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously.").

In sum, this Court lacks jurisdiction over Taylor's repeat frivolous claims for two reasons: (1) because he has failed to follow the procedures outlined in  28 U.S.C. § 2255(h) and § 2244, and (2) because this Court may not simultaneously exercise jurisdiction over claims which are currently pending before the court of appeals.  Therefore, Taylor's current motion to reduce his sentence (Doc. 556) is **DISMISSED**, once again, for a lack of jurisdiction.

Finally, because Taylor apparently is unable to abide by this Court's express guidance, the

Clerk of Court is **DIRECTED** to return unfiled any further motions submitted by Petitioner challenging his sentence or the Court's dismissal of his motions, *IF he has not first received authorization from the court of appeals*. *See Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

**IT IS SO ORDERED.**

DATED: 05/14/10

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge