IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

    vs.

BRAD TAYLOR,

        Defendant.

Case No. 00-cr-40101-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendant Brad Taylor's motion for stay or modification of fine (Doc. 682).

After a three-day trial, a jury found Taylor guilty of (1) Count One - conspiring to distribute and possess with intent to distribute crack cocaine in an amount exceeding five grams; and (2) Count Twelve – distribution of a mixture and substance containing cocaine (Docs. 232-34). With an offense level of 38 and criminal history category of VI, Taylor's sentencing range was 360 months to life for Count One and 360 months for Count Twelve. Taylor's supervised release range was up to eight years for Count One and up to six years for Count Twelve. His fine range was $25,000 to $6,000,000. On August 20, 2001, the Honorable G. Patrick Murphy sentenced Taylor to: (1) 377 months imprisonment on Count One and 360 months imprisonment on Count Twelve, to run concurrently; (2) eight years supervised release on Count One and six year supervised release on Count Twelve, to run concurrently; (3) a $10,000 fine ($5,000 on each count); and (4) a $200 special assessment ($100 on each count) (Doc. 357). Payment on Taylor's monetary penalties was due in full immediately (Doc. 357).

Taylor now asks the Court to modify his fine payments. Taylor, who is currently incarcerated in the Bureau of Prisons ("BOP"), participates in the BOP's Inmate Financial Responsibility Program through which must make payments of $50.00 per month. Taylor contends the payments are causing a hardship on his friends and family who send money to him and on himself because he has no institutional job.

Where the Court has entered "[a] judgment for a fine which permits payments in installments" the Court may modify those payments upon "any material change in the defendant's economic circumstances." 18 U.S.C. § 3572 (d)(3). The statute provides no method by which the Court may modify a fine to be paid in a lump sum. *United States v. Cobb*, 41 F. App'x 840, 841 (7th Cir. 2002).

Here, because the Court ordered Taylor's fine be paid in a lump sum, the Court has no jurisdiction to modify his fine. Taylor cites to 18 U.S.C. § 3573(2) as authority for this Court to modify his fine. That statute, however, is only applicable "[u]pon petition of the Government." 18 U.S.C. § 3573(2). Taylor also cites to *United States v. Hortman*, 2012 U.S. Dist. Lexis 143158 (W.D. Wis. Oct. 3, 2012) in support of his contention that this Court has jurisdiction to modify his fine. The judgment in *Hortman*, however, permitted payments in installments rather than a lump sum.

Accordingly, the Court **DENIES** Taylor's motion (Doc. 682).

**IT IS SO ORDERED.**

**DATED:** December 2, 2013

s/ J. Phil Gilbert<br>
**J. PHIL GILBERT**<br>
**DISTRICT JUDGE**