**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 00–cr–40101-SMY** |
| | ) | |
| | ) | |
| **BRAD TAYLOR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

**YANDLE, District Judge:**

This matter is before the Court on Defendant Brad Taylor's motion seeking a sentence reduction pursuant to § 404(b) of the First Step Act of 2018 (Doc. 833). The Government filed a response in which it concedes that Defendant is eligible for a sentence reduction (Doc. 837). For the following reasons, Defendant's motion is **GRANTED**.

## Background

On March 6, 2001, Defendant was charged in a Third Superseding Indictment with Possession with Intent to Distribute Cocaine and Cocaine Base (Count 1) and Distribution of Cocaine (Count 12) (Doc. 158). The case proceeded to jury trial, and Defendant was found guilty on both counts (Docs. 232-234). As to Count 1, the jury specifically found Defendant guilty of possession with intent to distribute an excess of five grams of a mixture or substance containing cocaine base (commonly known as "crack" cocaine) (Doc. 233).

The United States Probation Office prepared a Presentence Investigation Report ("PSR") finding that Defendant's relevant conduct involved 2.7 kilograms of cocaine base and 6.8 kilograms of cocaine (Doc. 355). Under the sentencing guidelines in effect at the time of

Defendant's sentencing, at least 1.5 kilograms of cocaine base resulted in Base Offense Level of 38 under U.S.S.G. § 2D1.1.  With no other adjustments, the Total Offense Level was 38 (Doc. 355).  Defendant was classified as a Criminal History Category VI (Doc. 355).

At the time of sentencing, the statutory sentencing range for Count 1 was 120 months to life, and the statutory sentencing range for Count 12 was 0 to 360 months (Doc. 356).  An Offense Level of 38 and a Criminal History Category VI yielded a Guidelines sentencing range of 360 months to life (Doc. 356).  On August 20, 2001, Defendant was sentenced to 377 months imprisonment on Count 1 and 360 months imprisonment on Count 12, to be served concurrently (Doc. 354).  Defendant's sentence has not been previously reduced under the Fair Sentencing Act.

<u>**Discussion**</u>

Congress passed the Fair Sentencing Act of 2010 which reduced the crack-to-powder penalty disparity from 100:1 to 18:1. Pub. L. No. 111-220, 124 Stat. 2372 (2010); *Dorsey v. United States*, 567 U.S. 260, 263-64 (2012).  This reduction was made retroactive in 2018 with the enactment of the First Step Act of 2018 ("the FSA"), which permits courts to reduce the sentences of defendants convicted of a "covered offense" before August 3, 2010. Pub. L. No. 115-391, 132 Stat. 5194 (2018).  The Court's authority to reduce a sentence under the FSA is limited to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses.  *See* First Step Act, § 404(a).  Whether to reduce a sentence under the FSA is within the discretion of the Court.  *See* First Step Act, § 404(c).

Here, Defendant moves to reduce his sentence under the FSA, asserting that the statutory penalties for his pre-2010 federal offense, Possession with Intent to Distribute Cocaine and Cocaine Base (Count 1), changed from 120 months to life to 0 to 360 months.  He also urges this

Court to exercise its discretion to re-sentence him under Count 12, as "a court is not limited under the text of the First Step Act to reducing a sentence solely for a covered offense" (Doc. 833, pp. 6-7). *United States v. Hudson*, 967 F.3d 605, 611 (7th Cir. 2020).

The Government acknowledges that Defendant's cocaine base sentence under Count 1 may be reduced under the FSA. It points out that the reduced offense level would be 34 and that Defendant remains a career offender. As a result, the Government submits that Defendant should be resentenced under the advisory guideline range of 262-327 months imprisonment (Doc. 837, p. 3). Defendant agrees that the proper advisory sentencing range is now 262-327 months (Doc. 833, p. 9).

The Government argues that a reduced sentence of 327 months on both counts to run concurrently would be appropriate in this case. Defendant requests a reduction to the low end of the current range – 262 months. Neither party requests a hearing.

In determining whether to exercise its discretion to reduce Defendant's sentence, the Court looks to his pre-sentence and post-sentence conduct, including the relevant factors in 18 U.S.C. § 3553(a). *United States v. Shaw*, 957 F.3d 734, 741-42 (7th Cir. 2020). And while the Court is not bound to grant a reduction based on current statutes, guidelines, or sentencing law, they are also relevant to its consideration. *Id.*

With respect to post-sentence conduct, the BOP disciplinary history submitted by the Government reflects that Defendant has a history of violations in prison, including use of drugs/alcohol, a sexual act, and possession of an unauthorized item (Doc. 837-1, pp. 1-2). And with respect to pre-sentence conduct, the parties agree that Defendant was properly sentenced as a career offender, with past convictions for battery, criminal sexual assault (for which he served 9 years in state prison), and armed robbery.

The Court finds that a 327-month sentence properly accounts for Defendant's pre-sentence and post-sentence conduct and the sentencing factors and objectives set forth in 18 U.S.C. § 3553(a), including promoting respect for the law, specific deterrence, and protecting the public from future crimes by the Defendant.  Accordingly, Defendant's Motion for Reduction of Sentence (Doc. 833) is **GRANTED**.  Defendant Brad Taylor's sentence is reduced from **377 to 327 months on Count 1 and from 360 months to 327 months on Count 12**, to run concurrently.  All other previously imposed terms of the sentence remain in full force and effect.

**IT IS SO ORDERED.**

**DATED: June 28, 2022**

**STACI M. YANDLE**
**United States District Judge**